The opinion of the court was delivered by
DüNcan, J.
The only question is, can the nómina! plaintiff who has assigned equitably an obligation under seal, be received as a witness to support the action. The person holding the beneficial interest in a chose in action not assignable, or one which is assignable, but where the assignment does not pursue the prescribed form, is regarded as the real party. This instrument was equitably assigned to James Fetterman before the bringing of the action. The suit was commenced and carried on by him and for his use. If the defence set up had been, that,the obligee had received payment, or the consideration failed, or the obligation, for some cause, never recoverable' by the obligee, he was not a competent witness, for he would be liable over either on an implied agreement, or on the ground of fraud, and was directly interested in the event of the cause. What testimony had been’given by defendant, the bill of exceptions does not state, nor does it appear what John Fetterman was called to prove ; he is rejected, not because he was interested, but solely frojn his character as plaintiff. This doctrine was very. *22 fully considered in Steele v. Phoenix Ins. Com. 3 Binn. 306. T.he rule there laid down, was “that a plaintiff, who after the com-meneem'cnt of the action, has assigned his property to trustees, for the benefit of his creditors, and released all money that may be recovered in that suit, is a competent witness, if all the costs are paid before the witness is sworn.” The principles of this decision were adopted by Washington, Justice, in Willing et al v. Consequa, 1 Peters, 308; and the foundation of the rule, that a party to a suit cannot be a witness, is, the interest which he has in the event, both as to costs and the subject in dispute, and when that is removed, the objection must cease. In these equitable assignments, the name of the assignor must from necessity be used; the form of action requires that it should be used as plaintiff, nor could he refuse its use. From the very nature of the transaction, he agrees that it shall he so used; he is the nominal plaintiff, he has the legal title, but he is merely a trustee, and the name of cestui que trust inserted in the record is notice of the trust; he has no interest in, nor power over the action. A trustee having the legal estate, but having no real interest, is examined every day in a Court of Chancery, Athly v. Tate, 3 Atk. 604. There is a clear distinction, where the assignment is before, and where it is after action brought. The nominal plaintiff is not liable for costs where the transfer is bona fide, and before action brought, and takes no part in carrying on the suit, and is to gain nothing by its .termination, Nestor v. Walker, 2 Brown 171. He is liable where' he brings the action before assignment; he sues in his own name, and for his own use, and he cannot- discharge himself from this liability, by a subsequent transfer of the right of action; But when the assignment is before action, it is very different; there from the first he is merely nominal, suffering that which he 'could not prevent, his name to be used as a trustee, by the cestui que trust. In Drum’s Lee v. Simpson, 6 Binn. 485, the trustee was admitted as a witness, though there he was received to testify against the^ supposed cestui que trust. The chief justice in' delivering the- opinion of the court states, that the name of the trustee is used by the cestui que trust, who is liable for the costs of suit, ' and is in fact the only party interested, and that the practice of the English Chancery to admit a trustee as a witness has been uniformly adopted in the courts of law of Pennsylvania. There was no interest in John Fetterman, nor was he objected to on account of interest in the cause, but merely in his character of plaintiff, and as he would not be liable for costs in any event, no objection remained; it was as much removed as if the costs had been paid into court. The witness should have been admitted, and the judgment is there» fore reversed, and a venire facias de novo awarded.
Judgment reversed and a venirefacias de novo .awarded*