# Hoy *against* Sterrett.

The mere prior occupation of a stream of water for the purposes of a mill, will not vest such an exclusive right in the occupant as to enable him to maintain an action against a person who erected a mill and dam above his, by which the water is in part impeded, and he in some degree injured.

Every riparian owner is entitled to use the flow of water through his land, although the owner of a mill below may be in some measure injured thereby.

In order to establish a right to the use of water for the purposes of a mill, exclusive of a riparian owner above, founded upon the presumption of a grant from lapse of time, there must have been an actual occupation of the flow of water upon the land above for a sufficient length of time. It is not enough to establish such a right, that the water had been accustomed to flow uninterruptedly through the land above for any length of time.

An improper or malicious use of a flow of water through land above, gives a right of action to the owner of a mill below who is injured thereby.

ERROR to the common pleas of *Centre* county.

This was an action on the case for a nuisance, in which Henry Hoy was plaintiff and James Sterrett defendant. The facts were, that Henry Hoy, about 1793, built a small mill upon a stream of water, and continued to occupy and use it for thirty years or more, when James Sterrett, the defendant, who was the owner of the land

above on the same stream, built a larger mill and dam. The consequence was, that in the ordinary use of this mill, owing to the size of the stream, the water was detained to the injury of Hoy's mill below ; and the question which arose was, whether the right of Hoy to the use of the water, as he had used it for thirty years, was not such as no owner of land upon the stream above would be permitted to interfere with by the erection of another dam.

The opinion of the court below (Burnside, president) was, that if the injury to the plaintiff's mill was occasioned by the detention of the water in Sterrett's dam for its ordinary and proper use for mill purposes, it was *damnum absque injuria*, and the plaintiff was not entitled to recover. But if the water was detained carelessly or maliciously to the injury of Hoy, the plaintiff was entitled to recover.

The jury found a verdict for the defendant.

The opinion of the court was the subject of the assignment of error.

*Potter*, for plaintiff in error, cited, 2 *Bl. Comm.* 403 ; Strichler *v.* Tod, 10 *Serg. & Rawle* 72 ; 2 *Ves.* 414 ; Bayson *v.* Shaw, 4 *Dall.* 211 ; Luttrell's Case, 4 *Co. Rep.* ; Bearly *v.* Shaw, 6 *East* 208 ; 1 *Wilson* 175 ; Sackrider *v.* Beers, 10 *Johns.* 241 ; Vanburgen *v.* Vanburgen, 3 *Johns. Chan.* 289 ; *Angel on Water Courses, Appendix* 20, 164 ; 4 *Day's Rep.* 244 ; Merret *v.* Brinkerhoff, 17 *Johns. Rep.* 306 ; Platt *v.* Johnson, 15 *Johns. Rep.* 213 ; Colburn *v.* Richards, 13 *Mass.* 420 ; Curtis *v.* Jackson, 13 *Mass.* 507 ; *Palmer* 291 ; 2 *Cond. Rep.* 584 ; Marret *v.* Parker, 1 *Cond. Rep.* 460 ; 1 *Root* 504, 535, 537 ; 2 *Vern.* 390 ; 1 *Ventris* 137 ; *Cro. Car.* 572.

*Valentine* and *Blanchard*, for defendant in error.

The general policy of the law would not sustain the principle that a man may enter into a new country, place himself at the mouth of a stream which extends far into other lands than his own, erect a mill of inferior quality, not competent to answer the purposes of the neighbourhood, and say to all who may own lands above him, " I will not use the water power I have to the extent of its capacity, nor will I permit you to use the power of the stream on your land, for I built such a dam as must be injured by any use of the water power above." But it is said, that the length of time during which the plaintiff has occupied his right as used, raises a legal presumption of a grant. The answer to this is easy :—that no presumption can arise of a grant of that which was not grantable. The plaintiff is not now in the possession, and has never occupied any thing which the defendant owned or might grant. Gardner *v.* Village of Newburg, 2 *Johns. Cha. Rep.* 164.

The opinion of the Court was delivered by

ROGERS, J.—A person erecting a mill and dam upon a stream of

water, does not, by the mere prior occupation, gain an exclusive right, and cannot maintain an action against a person erecting a mill and dam above his, by which the water is in part diverted, and he is in some degree injured. Platt *v.* Johnson, 15 *Johns. Rep.* 213. A contrary principle would be very pernicious, particularly in a new country; for the necessary effect will be to impair the value of all the land through which the stream passes. The elements being for general and public use, when the benefit is appropriated to individuals by occupancy, this occupancy must be regulated and guarded with a view to the individual rights of all who have an interest in its enjoyment; and the maxim, *sic utere tuo ut alienum non lædas,* must be taken and construed with an eye to the natural rights of all. 15 *Johns. Rep.* 213. The use of the water is open to all, with the necessary restrictions that no person is permitted to enjoy it to the injury of those through whose land the stream passes. That no riparian proprietor gains any privilege by mere priority of appropriation, is a principle now well established; although the opinion entertained by some, that a riparian proprietor *who occupies* a mill site, can secure by such priority of occupation advantage which he could not claim provided any other riparian proprietor, above or below, had before appropriated the water, is not without countenance from respectable authority. In 2 *Bl. Com.* 403, the commentator says, if a stream of water is unoccupied, a person may erect a mill thereon, and detain the water; yet not so as to injure his neighbour's mill, for he has, by the first occupancy, acquired a property in the current. In Hatch *v.* Dwight, 17 *Mass. Rep.* 289, there is a dictum of Chief Justice Parker to the same effect. And this would also seem to be the opinion of Justice Duncan in Strichler *v.* Tod, 10 *Serg. & Rawle* 69. Subsequent decisions, however, have ruled the point otherwise. In Palmer *v.* Mulligan, 3 *Caines's Rep.* 307, and Ingraham *v.* Hutchinson, 2 *Conn. Rep.* 592, and Bullen *v.* Burrel, 2 *New Hamp. Rep.* 217, the court put the right on the presumption arising from length of possession. They entirely discountenance the idea that the plaintiff acquired any right by mere prior appropriation. The subject of prior occupation was also considered in the case of Marten *v.* Bigelow, 2 *Aiken's Rep.* 184, and it was ruled that the mere prior occupancy of the water by the defendant, did not prevent the plaintiff from using the same water in a prudent way as it flowed down its channel. In Tyler *v.* Wilkinson, this question was also examined by Justice Story. 4 *Mason's Rep.* 401, 402. If a thing be common, there may be an appropriation by general consent or grant. Mere priority of appropriation of running water, without such consent or grant, confers no exclusive right. It is not like the case of mere occupancy, where the first occupant takes by force of his priority of occupancy. That supposes no ownership already existing, and no right to the use already acquired. But our law annexes to the riparian proprietors the right to the use in common, as an incident to the land; and whoever seeks to found an exclusive use, must establish

[Hoy v. Sterrett.]

a rightful appropriation in some manner known and admitted by the law. The same doctrine is recognized in New Hampshire, 5 *New Hamp. Rep.* 231, and in the latest English authorities.

Those authorities are full to the point, that the fact that Hoy erected his mill before Sterrett, does not of itself confer a right of action, unless the occupancy has been accompanied by a possession for such a length of time as that the jury are bound to presume a grant. On this part of the case, the court was requested to charge the jury, that if the jury believe that Hoy, and those under whom he claims, have occupied and used the water for near forty years, the jury may, and are bound by law to presume there was a grant from the owners of the tract of land above and adjoining for using it, and the plaintiff would be entitled to recover. To this the court answer, We can see nothing in this case for a presumption such as the plaintiff requires. There was no use of any part of the land held by Sterrett for the use of Hoy's mill; no overflowing of land claimed by the defendant. This court cannot apply this proposition to the case before them so as to answer it in the affirmative. The opinion of the court evidently is, that even admitting the fact that Hoy had been in the uninterrupted enjoyment of the water right as at present exercised for more than forty years, yet, inasmuch as he did not overflow the lands of Sterrett, or make any use of his premises, a presumption of grant cannot arise. The learned judge seems to have adopted the opinion of Justice Gould in Ingraham *v.* Hutchinson, 2 *Conn. Rep.* 592. The reasoning of Justice Gould is very forcible, but did not accord with the opinion of his brother, who ruled the point otherwise; and this, it must be confessed, is in accordance with adjudged cases. The general rule of law is, that independent of any particular enjoyment used to be had by another, every man has a right to have the advantage of a flow of water in his own land without diminution or alteration ; but an adverse right may exist in another, founded on his occupation. And although the stream be either diminished in quantity, or even corrupted in quality, as by the means of the exercise of certain trades, yet if the occupation of the party so taking and using it have existed for so long a time as may raise the presumption of a grant, the other party, whose land is below, must take the stream, subject to such adverse right. Twenty-one years exclusive enjoyment of water, affords a conclusive presumption of right in the party enjoying it.

This principle of presumption is introduced in analogy to the act of limitations; and to raise the presumption of a grant, the enjoyment must have been adverse ; or, as in Carter *v.* Smith, 9 *Serg. & Rawle* 20, there must be a continued, exclusive enjoyment of the easement, with the knowledge and acquiescence of the owner of the inheritance, for twenty-one years, which would be evidence from which a jury might presume a right by grant or otherwise to such easement. Hoy built his mill on his own land, and swelled the water on his own land. Sterrett had no reason to complain of Hoy,

[Hoy v. Sterrett.]

nor was there a time when he had a right of action against him. Nor can he, with any propriety, be said to have acquiesced in the enjoyment of the water by Hoy. He cannot be said to have granted a right, about which it would have been an impertinent interference to utter a complaint. Hoy could not have been restrained by any legal process from the enjoyment of the right in the manner he had been accustomed. How can Sterrett be presumed to grant that which Hoy had a right to do independent of his grant. There is nothing unreasonable in requiring Hoy, when he erected his mill, to erect it with a view to the capacity of the stream and the rights of his neighbours. And it must be presumed he has done so, as by prior occupation alone he acquires no right. It is said the doctrine is necessary to promote peace, and it is admitted that the general principle of presumption is so; but it is also equally necessary to promote justice and fair dealing among neighbours. It amounts to this, that when the riparian owner above is unable, which is frequently the case, to improve and use the water on his own land, he must be deprived of a right incident to his land, and which may constitute its principal value. It would have been difficult for Sterrett to know the effect which Hoy's mill would have on his water right above. At any rate, Hoy was as competent to form an opinion on that point as Sterrett was, particularly as his attention must have been drawn to the matter when he erected his mill. As a prudent man, it was his especial duty to calculate the capacity of the stream with a view to his own and his neighbour's rights.

That a title to an incorporeal hereditament may be supported by an uninterrupted enjoyment for the period limited by statute for the right of entry upon land, was first laid down in England, in Lewis *v.* Price, 2 *W. Saund.* 175. The rule was adopted in analogy to the statute of limitations. And in Donegal *v.* Wilson, Chief Justice *Wilmot,* who ruled the case of Lewis *v.* Price, in answer to an objection that an ancient light did not exist more than sixty years, said, "If a man has been in possession of a house for sixty years, no one can stop up his lights. Possession," he said, "for such a length of time, amounts to a grant of a liberty of making them, and is evidence of an agreement to permit them to be made."

The doctrine of the English books in respect to ancient lights, is not very well understood in this country. I am not aware that any case has been ruled in this state in which the principle has been recognized. It should be introduced with caution. Many vacant lots in our cities and towns are owned by persons who reside at a distance, and who are either unable or unwilling to improve them. It would be inconvenient to compel them to do so, on the penalty of forfeiting a valuable right by neglect.

The court were also further requested to instruct the jury, that if they believe that Sterrett frequently withheld the water in his saw mill dam for two days and one night, to the injury of Hoy's mill,

the plaintiff is entitled to recover. The court very properly refer this as a 'fact to be determined by the jury ; and instruct them that if they believe the water was no longer detained than was necessary for a proper enjoyment of it, as it passed through Sterrett's land, for the use of his mill, it is a damage to which the plaintiff must submit. If the finding of the jury was wrong, the remedy was on a motion for a new trial. This question was decided by the jury, under the direction of the court, with a view to all the facts, the capacity of the stream, &c. ; and however disposed we might be to interpose, had we the power, yet we cannot afford relief under the circumstances of the case. The rights of the riparian owners must be adjusted in the same manner as if each mill had been erected at the same time ; lapse of time not having given any superior right to either party. It is very true, as the court state, that if there was a vexatious detaining of the water, or if there was any degree of malevolence as to the time, or the quantity of water discharged by Sterrett ; it was an injury for which the plaintiff was entitled to relief in damages. The jury having found that the defendant made a proper use of the water, we are of opinion that the judgment should be affirmed.

I have examined the other errors assigned, and do not discover that there is any error.

Judgment affirmed.