## LEWIS vs. STEIN.

1. Where a statute prescribes a penalty for doing a particular act, to be recovered—one half to the use of the informer and the other half to the use of the party aggrieved—the latter may bring a common action of debt in his own name and recover the whole penalty. In such case, there is no need of resorting to the *qui tam* form of action.

2. One invested by grant from the government with title to land, through which a water course runs, acquires thereby no greater right to the use of the water than others, over whose premises the same stream passes, and cannot so use it as to corrupt or impair its quality to their prejudice or injury.

3. Will any length of time enable a party to prescribe for a nuisance—Quere?

4. No grant, licence or authority to erect or continue a nuisance can be presumed from length of time, in opposition to repeated intermediate expressions of the Legislative will, prohibiting its erection.

5. It is a nuisance to throw from day to day into water, used for the ordinary purposes of life, any substance that renders it less pure and excites disgust in those who use it.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

This was an action of debt commenced by the defendant against the plaintiff in error in a Justice's Court, to recover the penalty imposed by the act of 20th December 1820, for obstructing or injuring the waters of Three Mile Creek, near the city of Mobile, by permitting the saw-dust from his mill to fall therein. The justice before whom the suit was brought gave judgment against the plaintiff below for the costs, from which he took an appeal to the Circuit Court, where judgment was rendered in his favor. The remaining facts necessary to a full understanding of the case will be found in the opinion of the court.

Rapier, for plaintiff in error.

1. The action was on a penal statute, by the party grieved, who proceeded for the whole penalty, when by the statute he was entitled to but a moiety. The action should have been *qui tam.* For this defect the court below ought to have dis-

missed the suit. See pamph. Acts 1841, p. 53; Toul. Digest, 795, § 4; 1 Ba. Abridg., Actions Qui Tam, 62; 1 Com. Dig. 324; 5 Mass. 53; 13 Mass. 221.

2. It was error to award to the plaintiff a judgment for the whole penalty. A party, whose right is statutory, may not have more than the statute gives him.

3. The evidence before the Circuit Court was loose, conflicting and uncertain, and was insufficient to establish an injury. If an injury might have been infered, it was too trivial to warrant a judgment.

4. The constitution of Alabama, like that of the United States, provides that private property shall not be taken or applied to public use, unless just compensation be made therefor. See Art. 1 Const. Ala. § 13; and Art. 5 of Amendts. to Const. U. S. And it is conceived to be equally beyond the scope of Legislative power, to authorise a proceeding which will indirectly avert from the owner the use and free control of his property, or to authorise the direct appropriation thereof without providing compensation. What may not be done directly may not be done indirectly. 5 Wend. 423; 17 Johns. 215.

5. The mill had been erected by the father of Lewis more than twenty years before the grant of Stein's charter, and near thirty years before the commencement of this suit, and has always been of the same plan; and the saw-dust has eyer fallen into the creek in the same manner. Under such circumstances the law presumes a grant to the ancestor of Lewis, and the grant will be presumed to be commensurate with the rights actually enjoyed. See Palmer v. Mulligan, 3 Caines, 316; 7 Phillips' Ev. 165; Braly v. Shaw, 6 East. 213; 1 Campb. 463; 3 ib. 80; 4 Day (Conn.) 244; 1 Lord Raymond, 741; 3 Saund. 429; 2 Wend. 13; 5 ib. 423; 17 Johns. 211; 2 Dallas, 304; 7 Cranch. 164.

6. A grant is a contract: a law impairing any of the rights held by virtue of a grant, without providing compensation, is unconstitutional. See Fletcher v. Peck, 6 Cranch, 136.

7. The mill, operated as it is, is no nuisance; and if it were, the nuisance cannot be abated in this way. See 3 Caines, 316; Rex v. Pease, 4 Barn. & Adol. 30; 22 Pick. 75; 17 ib. 164; 2 ib. 51, 57; 14 Mass. 49; 2 S. & P. 199.

HAMILTON, HOPKINS and PERCY WALKER, for defendant:

1. An informer must sue a *qui tam* action, and show for whom, besides himself, he does sue, to protect and secure by the judgment the right of the third person, who is entitled to one half of the penalty. When the defendant sued, there was no necessity to pursue the *qui tam* form. The defendant stood in the place of the city of Mobile, entitled to half the penalty, where an informer brought the suit; and by bringing the suit himself, he became entitled to what would be an informer's share, to-wit, the other half. The reason for the *qui tam* form therefore ceased, and he could sue in the ordinary action of debt. 3 Salk. 6; 1 Chit. Pl. 113, 371; Wiswall v. Ross, 4 Por. 321, 326, 327.

2. One having even a prescriptive right to the use of water must use it so as not to injure others. 9 Conn. Rep. 291, 307; 10 Johns. Rep. 137, 251; Angel on Water Courses, 135, 136; 7 Cowen, 349, 385. The act of the plaintiff in error was a nuisance, for which he was liable to the defendant, who was injured by it. Angel on Water Courses, 136; 4 McCord's Rep. 472; 10 Pick. 385; 19 ib. 147; 9 Wend. 315. And the right of an injured person to damages exists, whether they be direct or consequential. 1 Binney, 463; 2 Rawle, 83; 6 Porter's Rep. 472, 496, 498, 499, 502, 503; 7 ib. 247.

3. Twenty years possession will not authorise the continuance of a nuisance. 7 East. 195; 10 Johns. 147; 1 Stew. 133; 9 Conn. Rep. 291; 2 Watts' Rep. 247. The presumption of a grant does not arise in a case involving a public right. Angel on Water Courses, 83.

4. The right to the use of the waters of a stream is common to all the owners of the adjacent lands, and is *incidental to the possession* of the lands, and a severance of the right can only be had by consent of those interested. The United States have no other right as landholders than this common law right, which belongs to individual proprietors, all of whom, by the common law, have the same right to waters flowing through their lands. One cannot be permitted to use this right to the injury or the annoyance of another proprietor. 6 Porter, 472, 473, 496, 497. The United States can grant no right to a purchaser which does not belong to them. 6 Porter, 472.

5. As no order of the proper court was shown for the build-

Lewis v. Stein.

ing of the mill, Lewis exercised his common law right to
build at his peril, and subject to the liability of paying any
damage or legal penalty for injuring others. 7 Porter, 247; 6
ib. 496, 497.

DARGAN, J.—It is contended that this suit is improperly
brought in the name of Stein, who does not sue as an in-
former. By the 4th section of the act of the 20th December
1820, entitled "An Act to incorporate an Aqueduct. Company
in the city of Mobile," it is provided, that if any person shall
obstruct or injure the waters of Three Mile Creek (on which
this saw-mill is situated) by logs, bushes, earth, or other mate-
rials, between its source and the place where the water is
taken for the use of the city, he, she or they, for every such of-
fence, shall forfeit and pay the sum of twenty dollars, to be re-
covered by action of debt, &c.—one half of which shall go to
the city of Mobile, and the other half to the informer. The
plaintiff entered into a contract with the city authorities, on the
26th December 1840, by which he became the lessee of the
water-works for the term of twenty years. This contract was
submitted to the Legislature of the State, and by the act of the
17th January 1841, was ratified and confirmed, and all the
rights, powers, privileges and immunities that had been granted
to the Mobile Aqueduct Company and the city of Mobile by
the act of 1820, were granted to the plaintiff, to be by him en-
joyed during the term of his lease. In addition to the act of
1841, the plaintiff by the act of the 4th of February 1846, is
authorised to sue for all dues, demands, forfeitures, &c., to
which he may be entitled under the contract entered into be-
tween him and the city, before any Justice of the Peace of
Mobile county, or any court having competent jurisdiction.—
Under this contract and these several acts, it is clear that the
plaintiff is entitled to all the rights and benefits granted and
confered by the act of the 20th December 1820, and is entitled
to one half of any forfeiture incurred under the 4th section
thereof, if such forfeiture be sued for by a common informer.
He occupies the place and stead of the city during his lease,
is possessed of all the rights that had been previously confered
on the city in reference to the water-works, and, if a forfeiture
is recovered by a common informer, entitled to the half that

previously belonged to the city of Mobile. This is the obvious construction of the acts of the 17th January 1841, and of the 4th February 1846. There is nothing whatever to be gleaned from any of the acts, that would deny to Stein the right to sue for a penalty incurred under the 4th section of the act of December 1820. He may then, as may any other individual, sue for and recover the penalty given by that act. If any one else, however, sues for it, one half when recovered will belong to Stein, the other half to him who sues for and recovers the same. If Stein himself brings the suit, as he may do, there being no prohibition of his right to sue, he then becomes enti-led to the whole penalty. Being entitled to the whole pen-alty, when he brings the suit, he may sue as he would in any common action of debt, and the commencement of his decla-ration is the same. 3 Salk. 6; 1 Chit. Pl. 371, 113; 3 Black-stone, 140. The suit is therefore properly brought in the name of Stein, without stating that he sues *qui tam*, or as an informer, for by bringing the suit he is entitled to the whole penalty, if recovered.

2. The evidence shows that the defendant and his father, to whose rights he succeeded, have been in the quiet possession of the mill and the land on which it is situated, for near thirty years; that the plan of the mill has not been altered; and that the saw-dust has been permitted to fall into the creek from the time of its erection; and it is urged that this possession of the mill not only raises the presumption of a grant to the land, but also gives the defendant the right to continue the mill, without any modification or alteration, although the saw-dust may fall into the creek, and the quality of the water may be thereby impaired. As there was no opposing title shown to the land on which the mill is situated, we will examine the question on the presumption that the ancestor of the defendant held the land by grant from the Government. The grantee from the United States of land, over which a stream of running water passes, acquires no other rights to the property than any other grantee in fee, and those are, an absolute title to the land, and the right in common with all others, over whose land the wa-ter passes, to its use. This is all the defendant can claim by virtue of a grant from the Federal Government, and this much is possessed by any owner of the land over which the stream

Lewis v. Stein.

runs. Hendricks v. Johnson, 6 Porter, 472. Being owner of the land over which a stream of water flows, he has the right to use the water, but as this right is common to all the riparian owners, no one of them, by virtue of his title to the land and his right to use the water incident thereto, can claim to use the water so as to corrupt or impair its quality to the prejudice or injury of the others. Angel on Water Courses, 20; Howell v. McCoy, 3 Rawle, 256. The defendant, therefore, cannot claim the right to injure the water by virtue of any title to the land, *from whatever source derived.* It is true, he acquired the right to erect a mill on the creek, and to use the water for this purpose, but the rights of those below him forbade him so to construct it as to render *the water impure,* or to corrupt or injure its quality.

3. Nor do we think that the length of time, during which the defendant has been permitted to let the saw-dust fall from his mill into the creek, can exempt him from the penalty of the 4th section of the act of 1820, if in truth the qualities of the water are *impaired by it.* In the case of Mills v. Hall, 9 Wend. 315, the facts were, that the defendant had built a dam across a stream, which it was alleged corrupted the atmosphere and affected the health of the plaintff and his family, and one of the grounds of the defence was that the dam had been erected more than twenty years. The court said, that there could be no such thing as a prescriptive right to maintain a public nuisance, and although the dam may have been erected more than twenty years, and during all the time has rendered the adjacent country unhealthy, yet such length of time can form no defence to the right of the public to abate it, nor to an action at the suit of any one who has suffered by it, although such length of time would form a bar to any action to recover damages for overflowing the land of an adjoining owner by reason of the erection of the dam. Again, in the case of the People v. Cunningham, 1 Denio, 524, it is said, that no length of time will enable a party to prescribe for a nuisance. See also Hey v. Sterrett, 2 Watts, 327.

4. It is not, however, necessary that we should assume the broad principle, that no length of time will justify the continuance of a nuisance. If it can be continued on the ground of the length of time that it has been permitted to exist or con-

tinue, it must be that a grant is presumed to have been obtained for the erection of the nuisance, or a license or authority from the public to do the act constituting the offence. But in this case no such presumption could be indulged, for in a short time after the mill was erected, the Legislature of the State passed the act under which this suit is brought, imposing a penalty on any one who should obstruct or injure the waters of the creek, on which the defendant's father had then erected the mill. This act is still in force, and has been by several subsequent acts recognised as an existing law. We then have the clear and unequivocal evidence of the Legislative will, that no one should injure the waters of this particular stream. In opposition to this act, prohibiting an injury to the water, we cannot infer a grant or authority to do so in violation of the act.

5. The only remaining question is, whether the evidence shows that the saw-dust injures the water. The witnesses state that the filmy substance found in the water was created entirely or in part by the saw-dust; to what extent this substance impairs the sanatory qualities of the water, the witnesses do not know ; one who was a physician thought it did not render the water less healthful. We, however, think that the existence of such a substance in the water is an injury to it; to say the least, it renders the water less pure, and is calculated to annoy and disgust those who have it to use for the ordinary purposes of life, and consequently must be an injury to it.

The counsel for the plaintiff in error, however, has urged that to enforce the penalty of this act against the defendant will compel him to abandon the use of his mill or alter its structure at considerable expense, and thus private property will be taken or destroyed for the public good, without compensation. The whole error of this argument consists in not reflecting on the strict rights of the defendant. He had the right, by virtue of his title to the land, to use the water, but not to abuse it to the injury of others. By his act he not only uses it, but, as the evidence shows, injures its quality. This he had no right to do ; he obtained no such right by virtue of his grant to the land, nor has he derived any such right or authority from any source having power to grant it. He there-

fore has incurred the penalty by infringing upon the rights of others, in injuring the water, and for this he must be responsible.

We see no error in the judgment, and it must be affirmed.