### Fort Worth & Denver City Railway Company v. P. S. Roberts.

#### Decided June 21, 1902.

**1.—Railway Company—Fencing Track—Killing Live Stock.**

A railroad right of way and track is not fenced within the meaning of the statute regulating the liability for killing live stock where by agreement with the owner of the soil a public road is located and maintained on and along the right of way and between the fences of the railway company. Rev. Stats., art. 4528.

**2.—Same—Contributory Negligence.**

Failure of a railway company to fence its track does not render it liable for live stock killed thereon by the trains regardless of negligence on the part of the owner of the stock proximately contributing to the injury. See evidence requiring that the issue of such contributory negligence should have been submitted to the jury.

Appeal from Childress. Tried below before Hon. G. A. Brown.

*Stanley, Spoonts & Thompson,* for appellant.

*Johnson & Aynesworth* and *E. E. Diggs,* for appellee.

CONNER, Chief Justice.—This is an appeal from a judgment in appellee's favor for $1200 for damages to certain horses and cattle owned by him and killed on appellant's railroad track by a passing freight train. The proof shows that for some seventeen miles in the locality of the injuries mentioned appellant's right of way is inclosed by a wire fence extending along each side some 100 feet from the center of the track; that the fence was constructed under an agreement with the owner of the soil that the public road from Claude, in Armstrong County, to Clarendon, in Donley County, should be located and maintained along the railway and between said right of way fences. Appellee seems to have been lawfully traveling this public road and driving about 400 cattle and horses. On the night of the injury appellee camped on the right of way and within the right of way fences. The cattle and horses drifted along the railway some two miles to where cross fences extended to a bridge. Cattle and horses congregated at this point on the track and were killed and injured as alleged. The court peremptorily instructed the jury to find for appellee such damages as they should find from the evidence to have been occasioned.

We concur in the contention of appellee and the evident view of the court that appellant's track at the place of injury was not fenced within the meaning of article 4528, Revised Statutes. The fence as constructed tended to confine persons and animals traveling said public road within the limits of the right of way fences and to and along appellant's railway track without obstruction. Such conditions were evidently intended to be prevented by the Legislature in the enactment of the statute mentioned. Appellee's cattle and horses having been killed and injured by appellant's locomotive and cars while being thus offered free access to the track, appellant was liable for the damage occasioned unless relieved by the contributory negligence of appellee. The charge, however, was not so limited, and the court also refused a special charge requested which presented the issue of contributory negligence. In this we think there was error as assigned. The failure to fence its track can not be construed as rendering appellant liable regardless of negligence on appellee's part proximately contributing to his loss. There was evidence tending to show that there were gates in the right of way fence; that the public road extended from the right of way inclosure into pastures near the point of injury; that the night was dark; that appellee camped beside the railway track with his horses and cattle and failed to so herd them as to keep them off the track, and failed to warn the approaching train, of which he had knowledge, with a lantern, as he perhaps might have done. It is true that appellee gave an explanation of his conduct that may be accepted as excluding negligence on his part, but we think the circumstances mentioned, with perhaps others, were sufficient under well settled rule to raise the issue of his contributory negligence, which was duly presented by appellant's pleadings, and appellant was entitled to have such issue submitted for the jury's determination. See Choate v. Railway, 37 S. W. Rep., 319, and authorities therein cited.

For the error indicated, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*