(77 South. 965)

BARNETT v. MATTHEWS. (7 Div. 431.)

(Court of Appeals of Alabama. Feb. 12, 1918.)

1. INSURANCE ⊗═27 — INSURANCE AGENTS — VIOLATIONS OF REGULATIONS—PENALTIES.

Under Code 1907, § 4580, providing that any agent or person shall be personally liable for the full amount of any loss sustained on contracts of insurance unlawfully made by or through him for any company not authorized to do business in the state, the penalty is in favor of the person sustaining the loss.

2. INSURANCE ⊗═26 — ACTION AGAINST INSURANCE AGENT — PERSONS ENTITLED TO SUE.

Under Code 1907, § 4580, making agents of companies not authorized to do business in the state personally liable for losses, and section 4588, providing that every penalty provided in that article shall be sued for and recovered in the name of the state, the holder of a policy issued by an unauthorized company may sue the agent through whom it was issued in his own name, though it may be that the action might

be brought in the name of the state for the policy holder's benefit.

**3. INSURANCE ⬤⟿25—"INSURANCE AGENTS"— VIOLATIONS OF REGULATIONS—PENALTIES.**

Under Code 1907, § 4580, making agents personally liable for losses sustained on policies unlawfully made by or through them for companies not authorized to do business in the state, and section 7189, as amended by Acts 1909, p. 120, § 1, providing that any person taking or transmitting any application for insurance or any policy to or from the insurance company, or receiving or delivering any policy, or receiving, collecting, or transmitting any premium, etc., is deemed an insurance agent whether such acts shall be done at the request or instance or by the employment of the company, or any other person, a person through whom an application was transmitted to a company not·authorized to do business in the state and who delivered the policy, collected the premium, and after deducting part of it remitted the balance to the company's agent in another state, from whom he received the policy, was liable to the policy holder for a loss sustained thereunder.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insurance Agent.]

**4. INSURANCE ⬤⟿25 — ACTIONS AGAINST INSURANCE AGENTS — CONDITIONS PRECEDENT.**

Under Code 1907, § 4580, the holder of a policy issued by a company not authorized to do business in the state need not comply with its provisions as to making and forwarding proofs of loss or make any effort to collect the loss from the company before suing the agent by or through whom it was issued.

Appeal from Clay County Court; E. J. Garrison, Judge.

Action by M. P. Barnett against T. O. Matthews for statutory penalty. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Merrill & Cornelius, of Heflin, for appellant. Lackey & Rowland, of Ashland, for appellee.

SAMFORD, J. Plaintiff brought his action for the recovery of the full amount of loss sustained by him on a contract of insurance unlawfully made by or through the defendant, directly or indirectly, for or in behalf of an insurance company not authorized by the insurance commission of the state to do business in this state at the time the application for insurance was made, or at the date when such insurance policy became effective. It was proven in the case that the plaintiff obtained from the Franklin Insurance Company, an insurance company that was not authorized to do business in this state, a policy of fire insurance, in the sum of $1,000, on his storehouse and stock of goods located in Clay county, Ala.; that the property was destroyed by fire during the term covered by the policy; and that the loss was largely in excess of $1,000. It was either admitted or proven that the application for the policy was transmitted through the defendant; that the defendant delivered the policy, collected the premium of $35, and after deducting a part of it remitted the balance

to the agent of the company in Cincinnati, from whom he had received the policy. The cause was tried on the counts claiming the penalty and the general issue. ·

[1, 2] Code, § 4580, provides that:

"Any agent or person shall be personally liable for the full amount of loss sustained on all contracts of .insurance unlawfully made by or through him, directly or indirectly for or in behalf of any insurance company not authorized by the insurance commissioner to do business in this state at the time the application for such insurance was made, or at the date when such insurance policy became effective."

This section prescribes a penalty in favor of the party sustaining the loss, and fixing the amount of the recovery at the amount of the loss sustained. This section is not susceptible of any other construction than that the penalty is in favor of the person sustaining the loss. Noble v. Mitchell, 100 Ala. 519, 14 South. 581, 25 L. R. A. 238; Price v. Garvin. (Tex. Civ. App.) 69 S. W. 985. But it is urged by appellee in brief that whatever the penalty, the suit cannot be maintained by the plaintiff, but must be in the name of the state, and for authority we are cited to section 4588 of the Code, which provides, among other things, that:

"Every penalty provided for in this article shall be sued for and recovered in the name of the state of Alabama, by the solicitor," etc.

It may be that this section would authorize the bringing of the suit in the name of the state, for the benefit of the plaintiff, but the plaintiff being entitled to all of the recovery when had it does not take away from him the right to maintain the suit in his own name. Lewis v. Stein, 16 Ala. 214, 50 Am. Dec. 177.

Section 7189 of the Code, as amended by Acts of the Legislature of 1909, p. 120, § 1, defining who are agents of foreign insurance companies, is as follows:

"Any person who solicits insurance on behalf of any insurance company, or takes or transmits. other than for himself, any application for insurance, or any policy for insurance, to or from such company, or in any way gives notice that he will receive or transmit the same or receives or delivers a policy of insurance of any such company, or examines or inspects a risk or receives, collects, or transmits any premium of insurance or makes or forwards any diagram of any building or buildings (except as a bona fide draughtsman) or countersigns any policy of insurance, or does or performs any other act or thing in the making or consummating of any contract of insurance with or for any insurance company, other than for himself, or examines or adjusts, or aids in adjusting any loss for or on behalf of any insurance company, whether any such acts shall be done at the request or instance or by the employment of any insurance company, or of or by any other person (except those acting as attorneys at law), is deemed an insurance agent."

[3, 4] Construing that section in connection with section 4580, supra, in ·the light of the evidence in this case, we are of the opinion that the defendant is liable to the plaintiff for the loss sustained, which is shown in this

case to be $1,000. Nor is it important that plaintiff should have complied with the provisions of the policy in the matter of making and forwarding proofs of loss, or that plaintiff should have made any effort to collect the amount of the loss from the company. The statute fixes the penalty, and it is the act of the defendant that constitutes the "offense" which is the foundation of the suit. Noble v. Mitchell, 100 Ala. 532, 14 South. 581, 25 L. R. A. 238; 22 Cyc. 1396.

This case was tried by the court without a jury, and on the undisputed evidence, we are of the opinion that the plaintiff is entitled to recover, and that the court erred in not so rendering its judgment. For the reasons above, the judgment is reversed and the cause is remanded.

Reversed and remanded.