## A. B. Shoemake v. Susette Meyer et al.

No. 7601. Decided May 21, 1941.
Rehearing overruled June 25, 1941.
(152 S. W., 2d Series, 741.)

*Darden, Burleson & Wilson,* of Waco, for plaintiff in error; *A. B. Shoemake,* and *Smith, Goldsmith & Bagby,* of Austin, for plaintiff in error, Republic Underwriters.

Where plaintiffs affirmatively alleged that certain individuals, partnerships and/or associations executed a power of attorney to the said Shoemake, and he under that authority issued an insurance policy in the name of such association, under Chapter 20, title 78, R. C. S. 1925, and there were no pleadings that said underwriters and the said Shoemake were not authorized to lawfully issue the insurance policy in question, it was error for the Court of Civil Appeals to hold that the underwriters could not lawfully issue such standard policy of insurance. Sergeant v. Goldsmith Dry Goods Co., 110 Texas 482, 221 S. W. 259, 10 A. L. R. 742; Griffith v. Associated Emp. Reciprocal, 10 S. W. (2d) 129; Fraser v. Rogers, 56 S. W. (2d) 911.

*Donald & Donald,* of Bowie, for defendants in error.

The Republic Underwriters being an insurance organization, created under chapter 19, R. S. 1925, known as the Lloyd plan, the attorney, acting for them under Article 5021, is personally liable under the provisions and terms of the policy of insurance which forms the basis of the cause of action in question. Gray v. Adolph, 117 S. W. (2d) 122; Perkins v. Nevill, 58 S. W. (2d) 50; Traders and Gen. Ins. Co. v. Tillman, 119 S. W. (2d) 142.

MR. JUDGE SLATTON delivered the opinion of Commission of Appeals, Section' B.

At the suit of Miss Susette Meyer et al upon a fire insurance policy, filed in the district court of Montague County, a joint and several judgment was rendered against Republic Underwriters and A. B. Shoemake for the sum of $1,398.95, together with interest and costs. On appeal to the Fort Worth Court of Civil Appeals the judgment was affirmed. 127 S. W. (2d) 538. This court dismissed the application of Republic Underwriters for writ of error and granted the application for the writ of A. B. Shoemake. The main contention of Shoemake is that there was no pleading which authorized the lower courts to render a personal judgment against him and therefore erred in overruling his general demurrer to the pleadings filed by defendants in error. The trial pleadings of defendants in error, to which Shoemake levelled his general demurrer, are as follows: After alleging that A. B. Shoemake resided in `McLennan County, Texas, it is alleged that:

."On or prior to March 14, 1933, certain individuals, partnerships and/or associations of individuals, whose names are unknown to the plaintiffs but well known to the defendants, executed a power or powers of attorney to defendant A. B. Shoemake, authorizing the said A. B. Shoemake as such attorney to execute contracts of insurance against loss by fire conformable to the insurance laws of the State of Texas; that thereafter said A. B. Shoemake, defendant herein, applied to the Board of Insurance Commissioners for the State of Texas for a license to so execute and deliver policies of insurance against loss by fire and that thereafter such license was duly issued to said A. B. Shoemake as attorney for such subscribers, authorizing him for and in behalf of such subscribers to issue policies of insurance against loss by fire conformable to the

insurance laws of the State of Texas in the name of the defendant, Republic Underwriters, by A. B. Shoemake, attorney.

"Plaintiff further allege that said Republic Underwriters, with A. B. Shoemake as their duly authorized attorney, were organized and duly licensed as aforesaid under the provisions of Chapter 19, Title 78, of the Revised Statutes of 1925, and in the alternative alleged that if mistaken in that it was organized with A. B. Shoemake as attorney duly authorized and duly licensed as aforesaid under the provisions of Chapter 20, Title 78, of the Revised Statutes of 1925."

Thereafter, alleged the execution and delivery of the policy and the total loss by fire, etc. The prayer was that "plaintiffs have judgment for their said damage in the sum of $1,500.00 against the said defendants jointly and severally, as provided by law," etc.

No allegations were made that A. B. Shoemake was a member of any partnership. It is apparent from the pleadings quoted above that defendants in error did not plead any facts which in law would authorize a judgment to be rendered against Shoemake, the attorney in fact for the Republic Underwriters. In order to recover a judgment against Shoemake it was necessary to allege and prove a wrongful act in the issuance of the fire insurance policy and participation therein of A. B. Shoemake. Price et al v. Garvin, 69 S. W. 985, (writ refused). No such wrongful act was pleaded. Moreover, it was specifically pleaded that such policy was issued "conformable to the insurance laws of the State of Texas."

The Honorable Court of Civil Appeals seems to have bottomed its decision upon two theories, namely, that the Republic Underwriters was not authorized under the insurance laws of this State to issue and deliver a standard form of fire insurance policy and that the Republic Underwriters did not introduce in evidence a permit issued by the Department of Insurance of the State of Texas authorizing it to engage in the insurance business. Defendants in error having pleaded such facts, it was not necessary for plaintiff in error Shoemake to allege or prove such facts. If the policy was not such a policy as could be legally issued by the Republic Underwriters, it was incumbent upon defendants in error to so allege and prove. Likewise, if Republic Underwriters and A. B. Shoemake, the attorney in fact, were not authorized to engage in the insurance business, that is, the issuance of fire insurance

policies in the State of Texas, it was incumbent upon defendants in error to so allege and make proof of such facts. Defendants in error having failed to allege a cause of action against A. B. Shoemake, the lower courts should have sustained the general demurrer of A. B. Shoemake, and for such reason the judgment will be reversed.

This court having dismissed the application for writ of error of Republic Underwriters, the judgment as to it is undisturbed. The judgment rendered by the district court against A. B. Shoemake, which was affirmed by the Court of Civil Appeals, is reversed and the cause remanded to the district court.

Opinion adopted by the Supreme Court May 21, 1941.

Rehearing overruled June 25, 1941.