OPINION of the Court, by
Ch. J. BiBb.
The appellants are seeking a specific performance of a covenant, whereby Martin obliged himself to convey, with general warranty, a survey of about twenty-six acres of land, -when demanded ; and the appellants bound themselves to~pay therefor to Martin one hundred and fifty dollars, within twelve months from the date of the articles. The” circuit court dismissed their bill without prejudice to their remedy at law.
On the part of the appellants, it appears from the pleadings and evidence, that the articles were fairly entered into, without any suppression of truth, suggestion of falsehood, misapprehension of the value of the property articled for, or omission of any stipulation agreed upon ; that the complainant, January, did within the period expressed tender the purchase money, and demand a conveyance in pursuance, fif.the articles; the cavil about the tender unworthily ’ renin the appellee’s answer notwithstanding. It fal°e, f appears that the appellants were let into the possesssion, have expended six hundred dollars in erecting cabins on the land, and made other expenditures in preparations for erecting and carrying on a factory of glass on the premises, but were defeated in their intentions by the desertion of the workmen employed.
The appellee asserts by his answer, “ that the objeet for the procurement of which he entered into the said contract, was the erection of glass works, which the complainants represented to your respondent they would certainly and speedily do, and that object was made known to the complainants, who agreed that the *587 land should revert to your respondent, if they did not complete the said works.” That he held a much larger tract of land, of which the land sold made part, and acted under the impression that the adjacent lands would be sufficiently enhanced in price, by the erection of glass works, to have made up the loss of price in the part sold, at much below one half its value ; that the improve» ments spoken of in the bill, are of no value in themselves : and insists that the complainants should be compelled to complete the glass works, before he shall be compelled to convey the title ; and if they decline doing so, that their bill be dismissed, See.
It appears in evidence, that the land was sold at a reduced price ; at about a fourth of its value ; that the intention of the appellants to purchase a site in the neighborhood, for the erection of a factory of glass, was generally understood, and that several persons were competitors, offering their lands to the appellants at reduced prices, to fix the factory adjacent to their estates.
The defence set up by the appellee, to entitle himself to an absolute dismission of the bill, admits of two plain answers. 1st. That the attempt to enlarge the covenant, by parol averment of a condition not therein contained, is wholly inadmissible. He has not averred that the stipulation was omitted by fraud, or even by mistake, so as to make the defence colorable. 2dly. He has totally failed to support his defence by any evidence to the point. Neither of the appellants came under any obligation to him to erect glass works, they were not asked to come under any such obligation, nor is it reasonable to suppose, that if asked, they would have consented to the terms insisted on ; to have obliged themselves to another, and under such terms, to complete so expensive an establishment, barely for the abatement of price in the land sold and purchased, would surely have been an imprudent and hazardous bargain ; a hazard which they might well have saved themselves from incurring, as well by reason of the competing propositions of sale in the same vicinity, as by the anxiety of the appellee to sell, although at an abated price. It does not appear in evidence that the appellants gave the appellee, before the contract, any assurance that they would establish a factory of glass ; nor that the appel-lee ever enquired of them personally, or directly, if such *588 was their intention. That the appellee acted under ths impression that such was their intention, there can be no doubt, from the evidence of his own confessions, proved by his own witness, and insisted on by his answer. How he came under that impression, does not distinctly appear, it may have been at second hand, or from the prevailing rumor. The idea of a reversion in case of failure to erect the factory, appears to have been an after thought, first suggested by Major Brown, one of the subscribing witnesses to the covenant, to Elijah Martin, another subscribing witness, both of whom after their subscription, returned to the appellants, to enquire of them on the subject; to which January replied, they had no intention, but to carry the works into effect. So that the only basis given, whereon to construct the decree of dismission without prejudice to an action at law, is the bare inadequacy of price. Now, it is clearly settled, that when the parties are rightly informed respecting that about which they are contracting, inadequacy of price alone, is not sufficient for a court of equity to refuse to give sanction to the contract, unless the degree of inadequacy will warrant the court to conclude fraud, from the internal evidence the transaction itself furnishes. In the present case it is impossible to conclude that a fraud has been committed. The idea oí fraud is repelled by the evidence in the cause. None is alleged by the defendant in his answer, none is pretended or glanced at by the proof. The inadequacy of price, so far from justifying an inference of fraud, is accounted for by the appellee himself, as the consequence of his speculative ideas about the future enhancement of his adjacent property. These visionary schemes of his own, he would now attach to the covenant as a substantive stipulation. The vendor bound himself to convey on demand, he was fully apprised of the value of the property sold, the contract was entered into by both parties, bona fide, without misrepresentation, concealment, or undue influence, and it is inconsistent with common sense, that a present agreement thus made, should be varied by future accidents and considerations, not embraced by the contract, but wholly extrinsic. The failure to establish the factory, has neither increased the value of the estate sold, nor diminished the value of the adjacent estate, at the time of the *589 contract. We have considered this case with much respect for the opinion of the court below ; but we cannot perceive that it comes within the principles laid down by that court as the grounds for dismissing the bill. We consider the contract as “ fair, just and reasonable, and free from misrepresentation, misconception or surprise.’’ The cases ot Tunning vs. Morrice, and Fogget vs. Twining, cited from Brown’s reports, are included in the subsequent proscription ot eases by our statute. The case of Cocking vs. Pratt, 1 Vez. sen. 400, is of an agreement between a mother and a daughter, for the purchase of the daughter’s distributive share, four months after her coming of age ; that agreement, though ratified afterwards by the daughter’s husband, was on his application set aside ; the chancellor there acted, partly upon the ground of undue influence of the mother, partly, suppressione veri, and principally, because the daughter acted in the dark, not knowing what her share was ; she took the sum agreed, as her full share, not as a composition, nor as wanting to marry, and to have ready money. And the ratification was also made in the dark, without any knowledge that the daughter’s full share was more than the sum paid by the mother. The case of the Duke of Bucks, at the suit of Phillips, as reported by Vernon, (1 vol. 227) makes the lord keeper very complaisant to the duke, but even in that case inadequacy of price was not the ground of decision, but that the duke had been misinformed and drawn in by a pretence that the purchase made by Nic-coll, the lord chancellor’s secretary, was in trust for the lord chancellor, or his son, whom the duke was willing to oblige, whereas in truth it was made in trust for Mr. Phillips.
Upon the whole case, it seems that as the contract was entered into without any unfairness, and with full knowledge on the part of the vendor of the value of the thing sold, as the appellants have expended large sums of money on the premises, and did actually tender the purchase money in due time, the vendor must be considered as the trustee for the vendees, of which they are entitled to have specific execution. There is no other consideration which can be coupled with inadequacy of price, so as to warrant a court of equity in refusing its mserpqsition. The appellee musf abide the consequen- *590 ees of his competition with others proposing to sellt upon the speculation of enhancing the value of the adjacent residuum. It would not be reasonable to send the, appellants back to law for the purpose of giving the ap-pellee an opportunity to insist collaterally on a stipulation which he never required of the vendees, or of insisting that he ought not to pay for the improvements, because he had no use for them, and thereby to shift the loss from his own shoulders, by imposing a greater on the appellants.
If we could help the appellee to interest on the purchase money, according to general principles, we would, but having refused it when tendered, he must now bs compelled to accept it without interest.
Decree reversed.