### LAWRENCE vs. MURRAY and others.

Where a party contracts with his debtor for the payment of a sum in gross, with interest, the debtor cannot compel him to receive a part of his debt, leaving the residue unpaid.

But when the creditor attempts to enforce payment of his debt by a legal proceeding, the collection of a part under the process of the court will be a payment pro tanto; and interest upon the part so received cannot afterwards be collected.

It is the duty of the master who sells property under an order of the court, to pay over the monies received upon the sale, to the parties entitled thereto, without delay. And if he neglects to pay over the money, as directed by the order of the court, the interest which is lost by such neglect should be charged upon the master personally.

If the mortgagee, after a sale of part of the mortgaged premises, consents to an adjournment as to the residue of the property without any agreement as to the interest, he must receive the money raised by the first sale, and will not be allowed to claim interest on his whole debt up to the time of the second sale.

July 17.　THIS was an appeal from the decision of a vice chancellor on a question of interest arising upon the sale of mortgaged premises under a decree of the court. The premises consisted of two lots, and the same were ordered to be sold in parcels. On the day of sale, one of the lots was put up and sold for $8,700. This being insufficient to pay the whole amount due, the master, at the request of the defendants and with the consent of the complainant, adjourned the sale, and finally postponed it indefinitely. The purchase money on the sale of the first lot was received by the master shortly after the sale, and was by him offered to the complainant's solicitor, who refused to receive it until after the whole amount which was due on the decree should be raised. About two months afterwards, the residue of the property was sold; and the master paid to the complainant his debt and costs, including the interest on the whole debt up to the time of such payment. The vice chancellor decided that the complainant was not entitled to interest on

the amount raised by the first sale, after it was tendered to him by the master and refused ; and he directed the interest that had been erroneously paid by the master to be refunded.

*B. W. Bonney,* for the complainant.

*J. L. Mason,* for the defendants.

THE CHANCELLOR. There is no valid objection to the form in which the question, in this case, was brought before the vice chancellor. The master's report of the sale, and as to the payment of the proceeds, is always made up and filed by him without giving the parties any opportunity to present objections to the draft of the report. A party may therefore apply to the court, in the first instance, to correct any error which has been made in paying over the proceeds of the sale.

Where a party contracts with his debtor for the payment of a sum in gross, with interest, the debtor cannot compel him to receive a part of his debt, leaving the residue unpaid. But when the creditor seeks to enforce payment of his debt through the medium of the officers of courts, as soon as any part of the debt is collected under the order or process of the court it is a payment, pro tanto, and interest cannot afterwards be collected upon the amount thus received by the officer of the court. Upon a sale by the master, under a decree, the money should be paid over without delay to the parties entitled thereto ; and if the mortgagee suffers it to remain in the hands of the master, he cannot be allowed his interest, to be paid out of the surplus proceeds which belong to other persons. If the master neglects to pay over the money as directed by the order of the court, the interest should be charged upon him personally. In this case, if the complainant was unwilling to receive the $8,700 raised upon the sale of the first lot, until the whole amount was collected, he should have stated that fact at the time, and should not have consented to the adjournment of the sale, without any intimation of his intention to claim interest on the whole during the time the sale was delayed. The objection that the interest on the complainant's costs should have been deducted, was not made before the vice chancellor ; and

there is nothing in the papers which were before him, to show that the solicitor had delivered a copy of his taxed bill of costs to the master, so as to entitle himself to the payment of his costs previous to the last sale. As the property was sold subject to the right of the tenants to occupy it for a particular period, the presumption is that the purchaser paid a less sum therefor than he would have done if the possession had been delivered immediately. The fact that the defendants continued in possession under that reservation, therefore, furnishes no reason for charging them with interest on the amount which was raised by the sale.

The decision of the vice chancellor must be affirmed, with costs; and the proceedings are to be remitted, so that his order may be carried into effect.