## PINKARD v. INGERSOLL, ET AL.

1. When lands and slaves mortgaged to several creditors, by agreement between the creditors and the mortgagor, are to be sold, and the proceeds paid in definite sums to each creditor, with preference to each in the order he is named in the agreement, they will not be entitled to interest when the agreement is enforced against them on the cross bill of the debtor, and they stand in the same condition to each other as to default in carrying out the agreement.
2. In such a case, although the proceedings are set on foot by a junior incumbrancer, to injoin a senior incumbrancer from proceeding to sell under his mortgage, the costs of suit are properly payable by the incumbrancer, to be reimbursed out of the fund produced by the sale of the mortgaged property.

Writ of Error to the Court of Chancery for the fourteenth District.

THIS case was here at a former term, when the equities between the parties were settled, and is reported *supra*, under the title of Pinkard v. Ingersoll, (page 9, vol. 11.)

It was then held, that the property in controversy should be sold, and its proceeds distributed between the parties, on the basis of an agreement between them, dated the 17th February, 1842.

This agreement provides, 1. That certain slaves therein named, shall be bid off by the trustees, and conveyed to Ingersoll, without further consideration. 2. That McDougald should be paid in the notes for which the property should be sold, the sum of $8,773. 3. That Watson should next receive in the same manner $1,154. 4. Then the sum of $4,363 to be paid in the same manner, in satisfaction of the claim of A. B. Davis. 5. Pinkard then to be paid $6,000 in the same manner. 6. The remaining property, or its proceeds, to be returned to Ingersoll.

When the cause returned from this to the court of chancery, the chancellor considered these debts, as ascertained by

56

the agreement referred, must be held to bear interest from its date, and the interest, as well as the principal, paid to incumbrancers, in the order named, before any thing was paid to the succeeding incumbrancer. He also decreed, the complainant should pay all costs, except those decreed in this court to be paid from the proceeds of the property. This decree is now assigned as error.

DOUGHERTY and HEYDENFELDT, for the plaintiff in error, insisted,

1. That under the circumstances of this cause, interest was not allowable, as by its allowance the whole fund may be absorbed by the first incumbrancer, to the exclusion of all others. [Crawford v. Simonton, 7 Porter, 110.]

2. As to the cost, the decree departs from the rule prescribed by this court ; and imposes a penalty on the complainant, which should be borne equally by all the incumbrancers, as they stand in precisely the same position.

McLESTER & CHILTON, for the defendants, contended,

1. That McDougald was entitled to interest, as he has been prevented by the injunction from realising his demand from the property. Besides this, it does not appear there is, or will be a deficiency to pay all the creditors. All are alike entitled to interest. [Kirkman v. Van Lear, 7 Ala. Rep. 218.]

2. As to the costs, these were in the discretion of the chancellor, and his decree, on this ground, ought not to be reversed.

GOLDTHWAITE, J.—1. As to the question of interest, between the several parties entitled to payment out of the fund, to be produced by the sale of the property in this cause, we think cannot arise.

The agreement which forms the basis of the decree, ascertains that each is entitled to a specified sum, and the creditors are marshalled in the order in which the sum allotted to them is to be paid. It is evident if these sums could be increased by any extraneous circumstances, the agreement can not be carried into effect. Now, if as between these parties, one was culpable, and others innocent of any thing tending

to delay distribution, there might be some reason for the infliction of interest.  But here every one of the creditors are in the same condition; they all seem to have refused to be governed by the mutual agreement between themselves and the common debtor, und each has fallen back upon; and asserted his pre-existing rights.  It is only upon the exhibition of the cross bill of the debtor that the precise equities of all the parties are ascertained.  It is impossible that justice can be done without carrying out that agreement *now*, in the same manner as it should have been carried out when first made.  We have no adjudications arising on similar facts, to guide us, but the analogies all tend to show that when a fund is divisible, first to one and then to another, and afterwards to others still behind, that the sums allotted to each cannot be disturbed, without entirely changing the results.  The accumulation of interest since 1842, would increase each demand nearly one-half, and if allowed, the obvious consequence is, that all the creditors after the first, may be, and the common debtor must be injured.  It is said interest is not payable on the purchase money of land, if the payment or tender is prevented by the act of the vendee.  [1 Marsh. 161.] So likewise, if he refuse to accept it when tendered.  [January v. Martin, 1 Bibb, 586.]  And when a fund insufficient te pay creditors, and unproductive of profits, is to be divided, interest should be allowed on the respective claims, only until the  proceeds come into the hands of the  commissioners. [Anderson v. Anderson, 1 H. & M. 11 ; see also 3 Paige 400.]

Applying these principles to the case before us, each one of the creditors, by refusing or neglecting to carry out the agreement of 1842, with the debtor, may be considered as refusing to accept the benefit of the property then appropriated ; and that  property must now  be considered  as the fund to which they are entitled.

2. Upon the question of costs, we can perceive no reason why the complainant should be charged with them beyond the other creditors.  All stand in the same condition precisely, so far as either is in default.  But although thus to be considered with respect to their attempt to evade the agreement between themselves and the common debtor, it cannot be questioned there was a sufficient ground for either to re-

sort to the court for its aid. We think the costs should be paid as directed by the decree formerly pronounced.

For the error of the chancellor in allowing interest on the several claims supposed to have accrued since the agreement of February, 1842, the decree must be reversed and the cause remanded; and the chancellor will then adjudge the costs as indicated in the former decree in this court.

Decree reversed, at the cost of all the defendants in error, except Ingersoll, and the cause remanded.