## SUPREME COURT.

### GRAY AND OTHERS agt. GRISWOLD.

A defendant in an execution, from whose property the sheriff has collected money sufficient for the payment of it is not liable for interest on the judgment while the money is stayed in the sheriff's hands at the instance of a creditor of the defendant.

Where a sheriff had two executions against the same defendant, and collected from his property sufficient to pay the first execution in full, and the other in part, and then another creditor of the defendant obtained an order of this court forbidding the sheriff to pay over the money until a decision of a motion to set aside proceedings, which was afterwards denied, it was held that the plaintiff in the first execution was not entitled to an order, that the sheriff apply thereon, of the moneys in his hands a sum sufficient to pay the interest on the amount directed to be collected, while the order was in force.

When a sum was received by the sheriff sufficient to pay the first execution it was in law paid; and the balance in his hands the law at once appropriated upon the second execution, whereby it was paid *pro tanto.*

*Cayuga Special Term, July* 1852. This is a motion on the part of the plaintiffs that the sheriff of Wayne county be required to apply on the execution in this action of moneys in his hands the sum of $79·26. The motion is founded on the following facts: After the commencement of their action the plaintiffs obtained an attachment against the defendant, by virtue of which the sheriff seized certain property of the defendant. Judgment was afterwards obtained and the execution issued and delivered to the sheriff. Subsequent to the seizure under the attachment, another creditor of the defendant commenced an action against him, and obtained an attachment, under which the sheriff seized the same property, which action was prosecuted to judgment and an execution thereon was delivered to the sheriff. On the 17th day of February 1851, the sheriff had collected by sales under said executions, and from demands attached, a sum sufficient to satisfy the first execution, and more than the sum of $79·26 in addition, but not enough to satisfy the second execution. On the third of February 1851, an order of this court was served on the sheriff, forbidding him to pay over any moneys on either of said executions, until the decision of a motion to set aside said

Gray and others agt. Griswold.

attachments, which order was obtained by an attaching creditor, junior to those above named, and continued in force until the 13th January 1852, on which day the sheriff paid to the plaintiffs in this action the amount due upon their execution for principal and interest to the 17th of February 1851, but declined to pay interest after the day last named. The interest from the 17th February 1851 to the 13th January 1852, amounting to $79·26 is sought to be obtained by this motion.

W. CLARK JR., *for Plaintiffs.*

D. W. PARSHALL, *for 2d attaching creditor.*

T. R. STRONG, Justice.—The effect of granting this motion would be to charge the defendant with the interest on the plaintiffs' judgment, after the sheriff had collected from his property sufficient to pay it, during .the period the money was stayed in the sheriff's hands. Whatever should be taken to pay the interest would otherwise apply upon the second execution, and to that extent relieve the defendant from liability. No good reason is perceived why this loss should be imposed upon the defendant; on the contrary it appears to me it would be most unjust and oppressive. He did not procure the stay and is not responsible for it; he ought not, therefore, to suffer from it (see Gillespie vs. The Mayor of New York, 3 *Edward's Chan. Rep.* 512; Stevens vs. Barringer, 13 *Wend.* 639, *and cases cited*).

But the true view of this case, I apprehend, is that when the sheriff had realized a sufficient sum to pay the plaintiffs' execution, and which was applicable to its payment, the execution was in law satisfied. The office of the attachment and execution was performed, and their functions there ceased. Any surplus in the hands of the sheriff, the law at once applied on the second execution, and satisfied it to that extent. No debt then remained in favor of the plaintiffs against the defendant for interest to accrue upon, and there was no money belonging to the defendant in the hands of the sheriff (*Code,* § 237). In Lawrence vs. Murray (3 *Paige,* 400), the late chancellor said, " when the creditor seeks to enforce payment of his debt through the medium of the officers of courts, as soon as any part of the debt is collected under the order or process of the court, it is a payment *pro tanto,*

and interest can not afterwards be collected upon the amount thus received by the officer of the court." Of course if the whole debt is collected it is wholly paid.

If the position of the plaintiffs upon this motion is sound, upon the same principle, if there had been no surplus they might have been permitted to proceed with their execution and collect of the defendant the amount of their interest. Clearly that would not be tolerated in a case like the present.

As between the plaintiffs and the second attaching creditor, the former have no superior equity. They can not with any reason call upon him to relinquish any part of the surplus to which he has a legal right. The motion is denied.