## WYATT HANKS v. B. C. ENLOE.

1. No principle of law is better settled than that one joint tenant cannot bind his co-tenant in a contract for the sale of their joint real estate, without express authority from the co-tenant anterior to the contract, or a ratification of the contract by the co-tenant afterwards.

2. It is as imperative that a petition should allege a good cause of action as that the evidence at the trial should sustain it.

3. In a petition for the specific performance of a contract for the sale of lands, or for damages in lieu thereof, the plaintiff alleged a written advertisement of the sale, signed by two joint tenants, but also set out a certificate of his purchase at the sale, which certificate was made by one only of the joint tenants, and there were no allegations by which the certificate was shown to be binding on the other joint tenant. *Held*, that the petition disclosed no cause of action against the joint tenant who did not execute the certificate, and it was error to overrule his demurrer to the petition. The advertisement alone would not suffice to charge him.

4. The statute of limitations may be interposed by demurrer or exceptions expressly setting up that defense to the action.

5. Suit was brought in 1853 on an obligation made in 1840 for the conveyance of title to certain lands within twelve months, and it was alleged in the petition that the defendants never became able to convey title until 1853. The prayer was for specific performance, or for damages. The defendants excepted to to the petition because it was apparent on its face that the action was barred by limitation. There being no other feature in the case to prevent the bar of the statute, it is *held* that the exceptions should have been sustained.

Appeal from Tyler. Tried below before the Hon. James M. Maxey.

The certificates of purchase, on which this action was founded, were in the following terms:

"Republic of Texas, Liberty County, No. 38.—This certificate entitles the bearer to one share in the town of Natchez, situated on the Neches river at the place formerly called Town Bluff, consisting of five lots which may be drawn to the number of this certificate, for which a good and sufficient warranty deed will be given in twelve months from this date. Given under my hand and seal this second day of March, A. D. 1840.

(Signed)                        "JOHN NOLAN."

As the opinion of the court discloses the facts pertinent to the rulings made, there is no occasion for a repetition of them here.

In the court below there was a general verdict for the plaintiff, who is the appellee in this court; on which verdict the court decreed that the defendants should, within six months, make and deliver to the plaintiff good and sufficient warranty deeds to fifty average town lots in value and quality, in the town of Town Bluff on the Neches, in Tyler county; and in case the defendants fail to make such titles within the time limited, it was adjudged that the plaintiff recover of them the sum of five hundred dollars, the amount of the purchase money, together with seven hundred and forty-six dollars interest thereon.

Failing to get a new trial, the defendant Hanks appealed.

*Hicks & Neylands*, for the appellant, addressed themselves principally to the facts of the case.

No brief for the appellee.

Ogden, J.—This is a suit originally brought to enforce a specific performance of a contract for the conveyance of land, with a

xxxiii—40

prayer in the alternative for judgment for the purchase money with interest.

The suit was instituted by the appellee in October, 1853, against the appellant, Wyatt Hanks, and the administratrix of John Nolan, deceased, and in his petition he alleges that, in 1840, Hanks and Nolan being the sole owners of a certain town plat or tract of land, then in the county of Liberty, called Town Bluff or Natchez, advertised the same for sale in shares of five lots each ; that Hanks and Nolan, in March, 1840, sold the same or a portion thereof, according to the terms in said advertisement ; and that appellee became the purchaser of ten shares, paid the purchase money, and took certificates of purchase, wherein the vendor agreed to make title to the lots purchased, within twelve months from date ; and the plaintiff charged that defendants had failed to make title, and prayed for a decree for title, and in the alternative for a judgment for the purchase money with interest. In an amended petition, the plaintiff alleged that defendants claimed the land sold by virtue of the headright certificate of Nolan, and that Hanks received one-half of the certificate for locating the same ; that soon after the purchase by plaintiff, Nolan died, and that the traveling board of land commissioners, created in 1840, rejected the Nolan certificate, whereby the title of defendants had failed, and that they nor either of them were able to make-title to the lots sold to plaintiff until 1853, when a third party having located the same land, defendant Hanks purchased that title, and thereby became able and bound to make title to plaintiff according to the terms of the certificates which were issued to him by Nolan, and prayed for a decree compelling Hanks to make title, and on failure to do so, prayer was made as in the original petition, for a judgment against Hanks and the estate of Nolan.

Judgment was rendered in the court below, according to the prayer in the petition, from which judgment defendant Hanks has appealed, and asks a revision by this court because of the many errors claimed to have been committed in the court below.

We do not consider it necessary to notice all the questions raised by appellant's bill of exceptions and assignment of errors, for the reason that we meet one or two questions in the opening of the cause, which should in our opinion settle all others, so far as this suit is concerned. On entering their appearance in the court below, both the appellant and the representatives of Nolan filed general and special demurrers to the petition, in which both set up the statute of limitation as a bar to the suit. Defendant Hanks further demurred to the petition, because it showed no cause of action as against him in this, that it neither alleged nor otherwise showed that defendant Hanks was in any manner connected with Nolan in the sale of the town lots, or in executing the certificates and obligations for title, upon which this suit was brought.

The certificates set out in plaintiff's petition are in the singular number and signed by John Nolan alone, and there is no allegation in the petition that Nolan had any authority to bind Hanks in such a contract, nor any allegation that Hanks ever ratified the same; and we believe that there is no principle in law better settled, than that one joint tenant, or even one partner, cannot bind a co-tenant or co-partner in a contract for the sale of real property, without an express authority before the contract is made, or a ratification of the contract afterwards. It was as imperative for the plaintiff to set out a good cause of action in his petition as it was for him to prove one on the trial, and having failed in his pleadings, the district court should have sustained the demurrer. It is true that the petition sets out a joint advertisement for the sale of the town lots, signed by both Hanks and Nolan, but that was no evidence that Nolan had authority to bind Hanks in the sale, or that he ratified the sale afterwards; and it may be possible that notwithstanding the allegations in the petition may all be true, and yet Hanks may have known nothing of the advertisement or sale until long after the sale was made.

The plea of the statute of limitation was also set up by Hanks

and the representative of Nolan, and if true, that should have decided the cause as to both of the defendants.

Chief Justice Wheeler, in the cause of Smith v. Fly, 24 Texas, says " that the statute of limitations may be interposed by demurrer or exceptions, expressly setting up that defense to the action, has been settled."

What, then, are the facts pleaded in this cause to induce the interposition of the statute of limitations in behalf of the defendants in the court below ?   In 1840 an obligation was made to convey title to certain lots within twelve months from date, and this suit, for specific performance or damages, was brought in the latter part of 1853, nearly fourteen years from the date of the instruments, and more than twelve years after they had become due.   This cause is in some respects parallel with that of Smith v. Hampton, 13 Texas, in which Chief Justice Wheeler says : " It is not the province of the courts to enforce stale demands.   The law protects those who watch over, and not those who sleep upon their rights." This is a stronger case than the one referred to, for here the vendor's title proved wholly worthless.   They therefore never had the right or authority to make title, and the appellee in this court knew that fact, and yet chose to rely upon the personal liability of the defendant Nolan's representatives (for he had nothing to show Hanks's liability) for the repayment of the purchase money, as neither Nolan nor his representatives had any title, and therefore could make none.   This, therefore, cannot be considered a suit for specific performance, but simply a suit for damages, and we are clearly of the opinion that our laws would not sanction such a suit where the party seeking a remedy has slept upon his right for more than twelve years.   We think the district court erred in not sustaining the demurrer to plaintiff's petition.   The judgment of the district court is therefore reversed and the cause dismissed.

Reversed and dismissed.