L. DAVIDSON v. MO. PAC. R'Y CO.

(No. 2304.)

APPEAL from Wood County.   Opinion by WHITE, P. J.

GILES & KUTEMAN, counsel for appellant.

WHITTAKER & BONNER, counsel for appellees.

§ **173.** *Limitation; statute of applicable to suit for a penalty; case stated.* This suit was instituted by appellant to recover of appellee the penalty of $500, prescribed for an overcharge on freight. [R. S. art. 4258.] It is alleged in the petition that the overcharge occurred September 5, 1883. This suit was instituted September 29, 1885, more than two years after the cause of action accrued. Appellee, by special exception to the petition, set up the statute of limitations of two years in bar of the action. This exception was sustained. *Held:* Article 3203, Revised Statutes, declares that there shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterwards, all actions or suits in court of the following description," and amongst those described are "Actions for debt, where the indebtedness is not evidenced by a contract in writ-

ing." *Debt* is a form of action provided at common law
as the remedy for the recovery of a sum certain due to
the plaintiff [2 Wait's Ac. & Def. 481], and it is imma-
terial in what manner the obligation was incurred or by
what it is evidenced, if the sum owing is capable of
being definitely ascertained. [Stockwell v. U. S. 13
Wall. 531; Chaffee v. U. S. 18 Wall. 516.] The action is a
proper one on statutes by the party aggrieved. [1 Chitty's
Pl. 121; Trapnall v. Merrick, 21 Ark. 503; Stockwell
v. U. S. 13 Wall. 531; Portland Ins. Co. v. Trustees, etc.
12 B. Monroe (Ky.), 77; 2 Wait's Ac. & Def. 482.]
Whilst we have no specific action for debt, as at common
law, yet the same general principles are applicable under
our system. The statute we have quoted speaks of "ac-
tions for debt," which means suits for the recovery of
debt. At common law this action is the remedy upon
statutes: first, when an action for debt is given by the
statute; second, when the statute provides for the pay-
ment of a sum of money, or gives a penalty or forfeiture
on the doing of a forbidden act, but does not mention
any mode of recovering it. [2 Wait's Ac. & Def. 485,
citing Van Hook v. Whitlock, 3 Paige, 400; Blackburn
v. Baker, 7 Port. (Ala.) 284; Rice v. Barn Turnpike, 4
Pick. 130; Adams v. Wood, 3 Cranch, 341; Kelly v. Davis,
1 Head (Tenn.), 71; The Nashville, 4 Biss. 188.] The
action may be brought by the party aggrieved. [Stock-
well v. U. S. 13 Wall. 531; Spence v. Thompson, 11
Ala. 246.] Our statute expressly gives the right to sue
for the recovery of the penalty to the person injured.
[R. S. art. 4258.] Another rule with regard to the char-
acter of the suit at common law is, that whenever a
statute gives a right to recover damages which are ascer-
tained by the act itself, an action of debt lies and is
proper, if no specific remedy is provided. [Blackburn v.
Baker, 7 Port. (Ala.) 284; Bigelow v. Cambridge Turn-
pike, 7 Mass. 202; Cross v. U. S. 1 Gall. 26; Seaborn v.
Olcott, 1 N. H. 339; Strange v. Powell, 15 Ala. 452;
Lewis v. Stein, 16 Ala. 214; Kelly v. Davis, 1 Head

(Tenn.), 71; Vaughn v. Thompson, 15 Ill. 59; Sims v. Alderson, 8 Leigh (Va.), 479; Rockwell v. State, 11 Ohio, 130.] This doctrine establishes that at common law the action to recover a penalty or forfeiture is an action of debt, and the same rules and principles should be held to apply under our liberal system, and though we have abolished the common law forms of action, we may still properly call this action an "action for debt." We are clearly of the opinion that this is an action for debt, which debt is not evidenced by a contract in writing, and that the statute of limitations of two years is a bar to it.

§ 174. *Limitation may be availed of by special exception, when.* But appellant contends that the statute of limitations must be specially pleaded to be availed of, and that it cannot be interposed by special exception to the petition. In support of this position we are cited to article 3220, Revised Statutes, which provides that ".the laws of limitation of this state shall not be made available to any person in any suit unless it be specially set forth as a defense in the answer." In McClenny v. McClenny, 3 Tex. 192, it was held that the statute of limitations is available upon demurrer, if the petition shows on its face that the action is barred. In Leavitt v. Gooch, 12 Tex. 95, it was held that where the demand appeared by the petition to be barred by the statute of limitations, and the defendant filed a general demurrer and a plea of the statute, and the case was submitted to the court without a jury and the judge sustained the demurrer, that although the general demurrer was not good in such a case, yet as the statute was pleaded and the plea appeared from the petition to be true, the judgment was substantially correct, and it was affirmed. In Hopkins v. Wright, 17 Tex. 30, Hemphill, C. J., says: "It is objected by the plaintiff that the statute of limitations cannot be set up by exception or demurrer. But this position is not well taken. The statute of 1852 (R. S. art. 3220) requires the law of limitations to be specially pleaded in the answer, but whether this be done by the demurrer or in the answer to the facts

of the case is immaterial. The whole of the defensive pleadings or allegations constitute the answer, and limitation wherever pleaded is part of the answer." And in Smith v. Fly, 24 Tex. 345, Wheeler, C. J., says: "The statute of limitations may be interposed by demurrer or exception expressly setting up that defense to the action." To the same effect is Hanks v. Enloe, 33 Tex. 624; Hudson v. Wheeler, 34 Tex. 356; 2 W. Con. Rep. § 240. The cases of Dickinson v. Lott, 29 Tex. 172, and Cunningham v. Frandtzen, 26 Tex. 34, cited by counsel for appellant, do not hold differently from the authorities we have cited. There is no error in the judgment sustaining the exception to the petition and dismissing the suit.

October 30, 1886.                    Affirmed.